**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | | |
|---|---|---|
| MARK A. HOLSOMBACH | ) | |
| ADC # 134723 | ) | |
|    Petitioner, | ) | **Case No. 5:15-CV-00310 KGB-JTK** |
| v. | ) | |
| | ) | |
| WENDY KELLEY, Director, | ) | |
| Arkansas Department of Correction | ) | |
|    Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the

Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Amended Petition for Writ of Habeas Corpus filed by Petitioner Mark A. Holsombach.  (Doc. No. 10)  Petitioner filed his original petition on October 5, 2015.  (Doc. No. 1)  In response, the Respondent, Wendy Kelley, filed a Motion to Compel Compliance with Rule 2 of the Rules Governing 2254 Cases (Doc. No. 7), which the Court granted.  The Court ordered Petitioner to amend his petition within thirty days (Doc. No. 8). Petitioner filed an amended petition that was originally docketed in a separate case.  The Court directed the Clerk to close that case and to file the amended petition in this matter.  (Doc. No. 9). The Clerk filed the Amended Petition simultaneously with the Court's Order.  (Doc. No. 10). Respondent submitted a Response to the amended petition on January 13, 2016.  (Doc. No. 12). Petitioner filed a Reply on January 28, 2016.  (Doc. No. 14).  Petitioner subsequently filed a Motion to Compel asking the Court to order Respondent to respond to his amended petition, Motion for Hearing, and Motion to Amend. (Doc. Nos. 15, 16, 17)  The Court denied those motions by Order dated April 14, 2016.  (Doc. No. 19).

2

After reviewing the Parties' briefing and the evidence, the Court recommends that this habeas petition be dismissed with prejudice and that all pending motions be denied as moot.

### Background and Procedural History

The facts giving rise to this appeal are as follows:   Petitioner, Mark Anthony Holsombach, was involved in a romantic relationship with a married woman, Anne Throneberry. On February 28, 2004,  Anne Throneberry's husband, Theodore (Ted), was attacked and killed after returning home from work.  The victim was struck in the head with a large hammer, bound with duct tape, and held against his will.  He was subsequently killed, his body burned, and his remains scattered on a farm road on his property.  *Holsombach v. State*, 368 Ark. 415, 246 S.W.3d 871 (2007).

On March 7, 2004, the victim was reported missing.  The Van Buren County Circuit Court issued an arrest warrant and search warrant thereafter.  On March 22, 2004, the Arkansas State Police encountered Petitioner and another man, William Frazier, on Petitioner's property while executing the search warrant.  Shots were fired, and Arkansas State Trooper Charlie Edmondson sustained a gunshot wound.  Petitioner, Frazier, and Throneberry evaded capture for several days, but they were eventually apprehended. Subsequently, Petitioner was charged with attempted capital murder, capital murder, kidnapping, and aggravated robbery.  *Id.*

Following trial, a Van Buren County, Arkansas, jury convicted Petitioner of the capital murder of Ted Throneberry, attempted capital murder of Arkansas State Trooper Charlie Edmondson, and kidnapping.  *Id.*  For these convictions, the trial court sentenced Petitioner to life imprisonment without parole, twenty-five (25) years' imprisonment with an enhancement of ten (10) years for the use of a firearm, and thirty (30) years, respectively.  Petitioner appealed his conviction. *Id.*

On direct appeal to the Arkansas Supreme Court, Petitioner argued five points for

reversal:   (1) the circuit court erred in denying his motion for directed verdict as to the kidnapping charge; (2) the circuit court erred by denying his motion to suppress his statement, "You'll furnish me a public defender," because it was an unequivocal request for an attorney; (3) the circuit court erred in granting the State's motion to consolidate the offenses of capital murder, kidnapping, aggravated robbery, and attempted capital murder; (4) the circuit court erred when it failed to grant his motion for mistrial based upon juror misconduct; and (5) the circuit court erred when it instructed the jury on accomplice liability with AMI Criminal 401.   The Arkansas Supreme Court affirmed Petitioner's convictions on January 11, 2007.

On February 20, 2007, Petitioner filed a Rule 37 petition.   (Doc. No. 20-1)   In the petition, Petitioner argued ineffective assistance of counsel; denial of procedural due process; coerced statement; and perjury by state's witnesses. (*Id.*)   Petitioner claims he did not receive a copy of the circuit court's order denying his petition until two years later, in April 2009. Case law indicates Petitioner filed a writ of mandamus in the Arkansas Supreme Court on June 19, 2007, contending that the circuit court had not ruled on his Rule 37 petition.   *Holsombach v. Reynolds*, 2007 WL 2671285 (Sept. 13, 2007).   The Arkansas Supreme Court dismissed the petition for writ of mandamus because Petitioner did not serve the circuit judge and failed to take remedial action.   Petitioner thereafter filed a pro se petition to proceed in trial court with a petition for postconviction relief in the Arkansas Supreme Court.   *Holsombach v. State*, 2008 WL 888404 (April 3, 2008).   The Arkansas Supreme Court dismissed the action, holding that he was not required to acquire permission from the court to proceed in trial court with a petition for postconviction relief.   *Id.*   Petitioner then filed a second petition for writ of mandamus in the Arkansas Supreme Court, which was denied as moot because the circuit court responded to the petition and appended a file-marked copy of its order entered March 13, 2008, that denied the Rule 37 petition.   *Holsombach v. Reynolds*, 2009 Ark. 289 (May 14, 2009); *see also* Doc. No.

20-3.    Petitioner subsequently contends this—and not April 2009—was the first time he received notice of the denial of his petition.  He filed an Amended Rule 37 Petition on August 26, 2008.  The court did not rule on this amended petition.

Petitioner filed the instant federal habeas petition on October 5, 2015, and his amended petition on December 23, 2015.  (Doc. Nos. 1, 10).  Respondent admits that Petitioner is in her custody and that Petitioner's available state remedies have been exhausted.  She argues, however, that the habeas petition is time barred or alternatively that the claims are either procedurally defaulted or incognizable.

## Discussion

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).   Following Petitioner's direct appeal, he filed a Rule 37 petition, which tolled the statute of limitations.  The circuit court denied the Rule 37 petition on March 13, 2008.  Petitioner thereafter had thirty (30) days to appeal that decision.  He did not appeal, however, and he had one year from the date the time for seeking such review expired.  *See Evan v. Chavis*, 546 U.S. 189 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *Smith v. Hobbs*, 2012 WL 3595993 (E.D. Ark. 2012).   Petitioner filed his federal habeas petition on October 5, 2015, more than one year past the date the judgment became final.  Therefore, the petition for writ of habeas corpus in this instance is untimely.

There is also no reason to believe that equitable tolling would be appropriate. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." ) (quoting *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418 (2005)). In *Earl v. Fabian*, the petitioner alleged "that he did not receive notice that his judgment of conviction had become final until . . . approximately seven months after the decision was rendered," but Eighth Circuit Court of Appeals noted that the petitioner "still had . . . a span of approximately eight months . . . to file his habeas petition." 556 F.3d 717, 724 (8th Cir. 2009). The Court concluded that "under such circumstances [the petitioner] would not be entitled to equitable tolling." *Id.* The same is the case in this instance. Petitioner claims he received a copy of the Court's denial of his Rule 37 petition in April 2009— the same timeframe in which the statute of limitations expired for the filing of his federal habeas petition. At the latest, Petitioner received notice by the Arkansas Supreme Court that the trial court denied his Rule 37 petition in May 2009; yet Petitioner waited until October 2015 to file his federal habeas petition. Arguably, Petitioner diligently pursued his rights, albeit improperly, but no extraordinary circumstance stood in his way and prevented timely filing. Furthermore, Petitioner could have protected himself by using the "stay and abeyance" procedure for federal habeas petitions. *Runyan v. Burt*, 521 F.3d 942, 946 n.4 (8th Cir. 2008). Petitioner's failure to do so may be the result of his pro se status or lack of legal knowledge, but neither of these reasons warrant equitable tolling. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Petitioner has failed to provide evidence of an extraordinary circumstance sufficient for this Court to equitably toll the statute of limitations. Nor can he rely on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), as it does not provide a basis for equitable tolling. *See Tolefree v. Hobbs*, 2015 WL 2237886, at *4 (E.D. Ark. May 12, 2015); *Nichols v. Kelley*, 2015 WL 1858878, at *1 (E.D. Ark. Apr. 22, 2015).

The Court need not address Petitioner's claim of actual innocence because the petition is clearly time-barred and because he failed to "present new evidence that affirmatively

demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

In conclusion, Petitioner's federal petition is time-barred.  Accordingly, this Court recommends that the District Court deny and dismiss the habeas petition (Doc. No. 2) with prejudice.  It is further recommended that the pending Motion to Compel (Doc. No. 21) be denied as moot.  Lastly, it is recommended that the District Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 2nd day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE